**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFF SENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:12-cv-2836 |
| vs. | ) | |
| | ) | |
| AUDUBON FINANCIAL BUREAU, | ) | **JURY DEMAND ENDORSED HEREON** |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JEFF SENTER, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, AUDUBON FINANCIAL BUREAU, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.       This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2.       Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.       Plaintiff is an individual who was at all relevant times residing in Concord, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as  he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the  money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant is a limited liability company of the State of Delaware, which is not licensed to do business in Ohio and which has its principal place of business in Getzville, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8.      Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about June 2012 in attempts to collect the aforementioned alleged debt, but failed to identify themselves as debt collectors during each and every communication.

9.      Defendant's agent, representative and/or employee representing himself as Joseph Allen (hereinafter "Allen") left a voicemail message for Plaintiff and stated that he was calling from a "financial bureau's legal division" and also stated that a writ of execution was going to be served on Plaintiff at his home or place of employment on June 13, 2012.  Further, Allen failed to identify himself as a debt collector and also failed to give meaningful disclosure of Defendant's name during the telephone communication.

10.     Also during the message, Allen directed Plaintiff to call Defendant's "company attorney" in order to stop the writ of execution.  Plaintiff's subsequent call to Allen revealed that there was no such "company attorney."

11.     In a telephone communication with Plaintiff, Allen told him "that "someone" was pursuing a civil judgment against him and that if he did not make a payment that day, he would receive a summons to appear in court.

12.     Defendant's agent, representative and/or employee representing herself as Caitlyn James (hereinafter "James") left a voice mail message for Plaintiff subsequent to Allen, also in the month of June 2012.  In this message, James also referenced a writ of execution and service of process to Plaintiff's home or place of employment, and further "wished" Plaintiff "the best of luck in County Court" if Plaintiff did not call Defendant.  James did not identify herself as a debt collector, and further, did not give meaningful disclosure of Defendant's name during the telephone communication.

13.     In fact, Defendant had no intention of filing a lawsuit against Plaintiff with respect to the alleged debt when Allen and James made the threats of a civil lawsuit.  To date, the alleged debt has not been satisfied and Defendant has not filed a lawsuit against Plaintiff.

14.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.      Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    b.      Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's

3

property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

c.   Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

d.   Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

e.   Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

f.   Placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of 15 U.S.C. § 1692d(6); and

g.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JEFF SENTER, respectfully prays for a judgment against Defendant as follows:

a.   Statutory damages of $1,000.00 for each violation of the FDCPA;

b.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.   Any other relief deemed appropriate by this Honorable Court.

4

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

16.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17.     Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

18.     Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

19.     Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

20.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

21.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

22.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, JEFF SENTER, respectfully prays for a judgment against Defendant as follows:

a.      Statutory damages of $200.00 for each violation of the OCSPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
David B. Levin (0059340)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com