IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF SENTER, | ) | Case No 1:12-cv-2836 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| | ) | |
| AUDBON FINANCIAL BUREAU, LLC, | ) | **ORDER GRANTING** |
| | ) | **OF PLAINTIFF'S MOTION FOR** |
| Defendant. | ) | **DEFAULT JUDGMENT** |

This cause coming to be heard on Plaintiff's Motion for Default Judgment, upon a review of the record this Court finds that:

1. Plaintiff, a resident of the City of Concord, State of Ohio, filed this action on November 14, 2012.

2. Defendant was properly served with the Summons and Complaint through certified mail through the clerk's office on November 27, 2012.

3. Defendant has not filed a Notice of Appearance, an Answer, nor any other responsive pleading with this Court.

4. Plaintiff properly filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA") and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*. Plaintiff's Complaint alleges violations of the FDCPA and OCSPA by Defendant in attempting to collect an alleged debt from Plaintiff.

5. On January 3, 2013, Plaintiff filed an Application for Entry of Default.

6. On January 9, 2013, the Clerk of Court found that Defendant failed to file an answer or otherwise sufficiently plead to the Summons and Complaint filed by

Plaintiff, and that Defendant was otherwise subject to default as provided by the Federal Rules of Civil Procedure.

7. Pursuant to Federal Rule of Civil Procedure 55(a), an Entry of Default was entered against Defendant on January 9, 2013 by this Court.

8. The Court has reviewed the Complaint, the Declaration of Plaintiff's counsel and Plaintiff's exhibit of attorney time entries for this matter.

9. The Court finds that Defendant violated the FDCPA as follows:

   a. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

   b. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

   c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

   d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

   e. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

      f. Placing telephone calls to Plaintiff without meaningful disclosure of Defendant's caller's identity, in violation of 15 U.S.C. § 1692d(6).

10. Pursuant to 15 U.S.C. § 1692k(a) the Court finds that good cause is shown for each of the violations of the FDCA by the Defendant and awards statutory damages to Plaintiff in the amount of $1,000.

11. Pursuant to Ohio Rev. Code § 1345.09(B), the Court finds that good cause is shown that each of the above violations of the FDCPA by the Defendant also constitute violations of the OCSPA and awards additional statutory damages to Plaintiff in the amount of $200.

12. Pursuant to 15 U.S.C. § 1692k(a)(3), under the FDCPA, a plaintiff can recover from a debt collector "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…" The OCSPA contains a similar "fee-shifting" provision. See Ohio Rev. Code § 1345.09(F).

13. The Court has reviewed Plaintiff's attachments to his Motion for Default Judgment, reflecting the amount of attorneys' fees and court costs incurred by Plaintiff in the prosecution of this action, and copies of the time entries reflecting the work for which Plaintiff is seeking compensation for his attorneys' fees. The Court finds that good cause is shown for the award of reasonable attorney fees and court costs.

WHEREFORE, the Court awards a judgment in favor of the Plaintiff, JEFF SENTER, and against Defendant, AUDUBON FINANCIAL BUREAU, LLC, as follows:

|    |    |    |    |
|----|----|----|----|
| a. | FDCPA Statutory Damages | | $1,000.00 |
| b. | OCSPA Statutory Damages | | $ 200.00 |
| c. | Attorneys' Fees | | $2,087.50 |
| d. | Court Costs | | $ 350.00 |
|    | TOTAL | | $3,637.50 |

/s/ Patricia A. Gaughan            2/22/13
Judge, United States District Court      Date

4